IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSHUA JOHN MARANEY, | ) | |
| | ) | Civil Action No. 2:26-462 |
| Plaintiff, | ) | |
| | ) | District Judge Christy Criswell Wiegand |
| v. | ) | Magistrate Judge Maureen P. Kelly |
| | ) | |
| THE COMMONWEALTH OF | ) | Re: ECF No. 7 |
| PENNSYLVANIA COMMON PLEAS NO. | ) | |
| 30, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**REPORT AND RECOMMENDATION**

**I.    RECOMMENDATION**

For the reasons that follow, it is respectfully recommended that the Amended Complaint, ECF No. 7, be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) as frivolous.  Dismissal should be without prejudice to Johnathan Mitchell Trump proceeding in his own right, if he wishes to do so, and with prejudice as to Plaintiff Joshua John Maraney ("Maraney").

**II.    REPORT**

**A.    Background Facts**

Maraney currently is held at Fayette County Prison in Uniontown, Pennsylvania.  Maraney recently has filed at least twenty-six *pro se* civil rights cases in this Court – the latest on May 19, 2026.  See Civil Action Nos. 26-339; 26-350; 26-353; 26-354; 26-355; 26-391; 26-392; 26-462; 26-499; 26-574; 26-633; 26-634; 26-635; 26-642; 26-704; 26-807; 26-812; 26-822; 26-827; 26-829; 26-902; 26-904; 26-910; 26-1013; 26-1014; and 26-1015.[1]  Many of these cases follow the

_____

[1] An Order to Show Cause was issued to Maraney on May 12, 2026, in No. 26-704.  In light of his many recent, frivolous lawsuits, Maraney must show good cause why he should not be prohibited from proceeding *in forma pauperis* in this Court, absent a showing of imminent danger of serious (continued . . .)

1

same formula set forth in this Report and Recommendation. Maraney's motion for leave to proceed *in forma pauperis* ("IFP"), ECF No. 1, was granted on May 5, 2026. ECF No. 4.

Maraney submitted an initial Complaint with his IFP Motion, which was formally filed on May 5, 2026. ECF No. 5. He followed with an Amended Complaint on April 29, 2026, which also was formally filed on May 5. ECF No. 7. Both documents appear to be identical, save that the Amended Complaint includes an extra page that appears to have been omitted inadvertently from the initial Complaint. Id. at 2.

Maraney's Amended Complaint is not particularly clear. As best this Court can discern, Maraney alleges that state officials have engaged in conduct that somehow has violated the state constitutional rights of an individual named Johnathan Mitchell Trump, a third party who has not signed the Complaint, and who may or may not be aware of its existence. Id. at 2-3. By way of relief, Maraney seeks a writ of mandamus dismissing all charges against Trump, and $1,500 in damages.[2] Id. at 2-3. Maraney does not allege any personal involvement in the underlying claim, or that he was injured in any way as a result of any Defendant's alleged acts or omissions.

**B.    Legal Standard**

28 U.S.C. § 1915 establishes the criteria for allowing an action to proceed IFP. Section 1915(e) requires the federal courts to review complaints filed by persons that are proceeding *in forma pauperis* and to dismiss, at any time, any action that is frivolous or malicious, fails to state

---

physical injury to himself, as set forth in 28 U.S.C. § 1915(g), on or before June 2, 2026. No. 26-704, ECF No. 2.

[2] The writ of mandamus has been abolished in the district courts. See Fed. R. Civ. P. 81(b). See also 12 Charles Alan Wright and Arthur R. Miller, Fed. Prac. & Proc. Civ. § 3134 (3d ed. Apr., 2026). Accordingly, this Court will presume that Maraney seeks an injunction in the nature of mandamus. Stehney v. Perry, 907 F. Supp. 806, 820 n.2 (D.N.J. 1995), aff'd, 101 F.3d 925 (3d Cir. 1996).

a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). Thus, a court must dismiss, *sua sponte*, a complaint that lacks arguable merit in fact or law. Stackhouse v. Crocker, 266 F. App'x 189, 190 (3d Cir. 2008) (citing Neitzke v. Williams, 490 U.S. 319, 325 (1989)).

The standard for reviewing a complaint under Section 1915(e)(2)(B) is the same as that for determining a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999); see also Banks v. Mozingo, No. 08-004, 2009 WL 497572, at *6 (W.D. Pa. Feb. 26, 2009). Under that Rule, dismissal is appropriate if, reading the complaint in the light most favorable to the plaintiff, and accepting all factual allegations as true, no relief could be granted under any "reasonable reading of the complaint." Phillips v. Cnty. of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008).

A complaint must be dismissed even if the claim to relief is "conceivable," because a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

The United States Court of Appeals for the Third Circuit has held that, when determining whether to dismiss a complaint for failing to state a claim upon which relief can be granted, a district court should apply a two-part test in order to determine whether a pleading's recitation of facts is sufficient. Fowler v. UPMC Shadyside, 578 F.3d 203 (3d Cir. 2009). "First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions." Id. at 210-11 (citing Iqbal, 556 U.S. at 678). "Second, a District Court must then determine whether the facts

3

alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" Fowler, 578 F.3d at 211 (quoting Iqbal, 556 U.S. at 679).

A court must employ less stringent standards when considering *pro se* pleadings than when judging the work product of an attorney. Haines v. Kerner, 404 U.S. 519, 520 (1972). In a Section 1983 action, a court must liberally construe a *pro se* litigant's pleadings and "apply the applicable law, irrespective of whether a pro se litigant has mentioned it by name." Higgins v. Beyer, 293 F.3d 683, 688 (3d Cir. 2002) (quoting Holley v. Dep't of Veteran Affairs, 165 F.3d 244, 247-48 (3d Cir. 1999)). "'Since this is a § 1983 action, the [*pro se*] plaintiffs are entitled to relief if their complaint sufficiently alleges deprivation of any right secured by the Constitution.'" Higgins, 293 F.3d at 688 (quoting Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)).

That said, it is not proper for a court to assume that "the [plaintiff] can prove facts which [he or she] has not alleged, or that the defendants have violated the . . . laws in ways that have not been alleged." Assoc.'d Gen. Contractors of California, Inc. v. California State Council of Carpenters, 459 U.S. 519, 526 (1983). A court further need not accept inferences drawn by a plaintiff if they are unsupported by the facts as set forth in the complaint. See California Pub. Employees' Ret. Sys. v. Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004).

The Third Circuit has held that, in civil rights cases, a court must give a plaintiff the opportunity to amend a deficient complaint – regardless of whether the plaintiff requests to do so – when dismissing a case for failure to state a claim, unless doing so would be inequitable or futile. See Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 251 (3d Cir. 2007).

Finally, the Third Circuit has upheld dismissals for frivolity predicated on lack of standing. See Credico v. Unknown Off. for U.S. Drone Strikes, 537 F. App'x 22 (3d Cir. 2013) (per curiam) (dismissing appeal of district court's order dismissing complaint "as frivolous pursuant to 28

U.S.C. § 1915(e)(2)(B)(i)" because plaintiff lacked standing to pursue a generalized grievance). At least one district court in this circuit has recognized that such dismissals qualify as a strike under 28 U.S.C. § 1915(g).  Fluker v. Trans Union, LLC, No. 25-cv-327, 2025 WL 1091624, at *2-3 and n.2 (E.D. Pa. Apr. 7, 2025).

**C.      Legal Analysis**

**1.       Maraney lacks standing.**

An action does not constitute a justiciable "case" or "controversy" that this Court may resolve unless the person bringing the action has the proper legal "standing" to do so.  Flast v. Cohen, 392 U.S. 83, 95 (1968).  In order for a plaintiff to have standing under Article III of the Constitution, he or she must establish that: (1) he or she has suffered an "injury in fact" (i.e., an invasion of a legally protected interest that is both (a) concrete and particularized and (b) actual or imminent, and not merely conjectural or hypothetical); (2) there is a causal relationship between his or her injury and the alleged conduct of the defendant; and (3) it is likely that the injury will be redressed by a decision rendered in his or her favor.  Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992).

Here, Maraney attempts to proceed in this case as the plaintiff.  But he does not allege having any personal stake in Johnathan Mitchell Trump's underlying criminal case.  Indeed, the undersigned cannot fathom how Maraney could have a personal stake in the criminal prosecution of another inmate.  Therefore, Maraney lacks standing to attempt to bring a civil action in this Court asserting Trump's rights on his behalf.  Cf. Jones v. Vaughn, No. 92-1127, 1993 WL 524806, at *4 (E.D. Pa. Dec. 15, 1993), aff'd, 27 F.3d 557 (3d Cir. 1994) ("An inmate has no standing to assert an access to courts claim unless he can show a personal stake in the outcome or has suffered

a legally cognizable injury resulting from the denial of his right to access to the courts.") (citing Darring v. Kincheloe, 783 F.2d 874, 877-78 (9th Cir. 1986)).

Because it is clear that any attempt at amendment would be inequitable or futile, the Complaint should be dismissed with prejudice to Maraney. Fletcher-Harlee, 482 F.3d 247, 251 (3d Cir. 2007). Dismissal should be without prejudice to Trump raising claims on his own behalf, if he wishes to do so.

### 2.      Maraney has not established "next friend" status.

Additionally, to the extent that Maraney might be attempting to raise a claim for federal habeas relief on behalf of Johnathan Mitchell Trump, Maraney has failed to establish that he qualifies as a "next friend" to Trump.[3]

A petition for a writ of habeas corpus may, in certain circumstances, be brought by a "next friend" on behalf of another person who is in custody. 28 U.S.C. § 2242. The "next friend" does not become a party to the habeas corpus action "but simply pursues the cause on behalf of the detained person, who remains the real party in interest." Whitmore v. Arkansas, 495 U.S. 149, 163 (1990). "'[N]ext friend' standing is by no means granted automatically to whomever seeks to pursue an action on behalf of another." Id. When someone other than the petitioner files a petition, the "next friend" must first demonstrate that he or she has standing to act on the person's behalf:

> First a 'next friend' must provide an adequate explanation–such as inaccessibility, mental incompetence, or other disability–why the real party in interest cannot appear on his own behalf to prosecute the action. Second, the 'next friend' must be truly dedicated to the best interests of the person on whose behalf she seeks to litigate, and it has been further suggested that a 'next friend' must have some significant relationship with the real party in interest.

---

[3] To the extent that it would be proper to treat the Amended Complaint as a federal habeas petition filed on Trump's behalf, this Court may *sua sponte* dismiss a facially meritless petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases.

Id. at 163-64 (citations omitted). "The burden is on the 'next friend' to establish the propriety of his status and thereby justify the jurisdiction of the court." Id. at 164.

Here, Maraney has failed to establish that he has a significant relationship with Trump. Further, even if the Court were to assume that Maraney did have such a relationship with Trump and sought to act in his best interest, Maraney has not offered any explanation why Trump would be incapable of asserting his own legal rights.

Accordingly, because Maraney lacks standing to seek federal habeas relief on behalf of Trump, any attempt to do so should be dismissed, without prejudice to Trump filing his own federal habeas petition if he wishes to do so.[4]

## III.    CONCLUSION

For the foregoing reasons, it is respectfully recommended that the Amended Complaint, ECF No. 7, be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) as frivolous. Dismissal should be with prejudice with respect to Maraney, but without prejudice to Johnathan Mitchell Trump proceeding in his own right at a new cause of action, if he wishes to do so.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Rule 72.D.2, the parties are permitted to file written objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Objections are to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219. Failure to timely file objections will waive the right to appeal. Brightwell v. Lehman, 637 F.3d 187, 193 n. 7 (3d Cir. 2011). Any party opposing objections may

---

[4] To the extent that one is applicable, a certificate of appealability should be denied because jurists of reason would not find it debatable whether Maraney failed to establish next friend standing to bring the Petition on Trump's behalf. See, e.g., Slack v. McDaniel, 529 U.S. 473 (2000).

file their response to the objections within fourteen (14) days thereafter in accordance with Local Civil Rule 72.D.2.

Date: May **20**, 2026

Respectfully submitted,

MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

cc:     The Honorable Christy Criswell Wiegand
        United States District Judge


        Joshua John Maraney
        2026-0432
        Fayette County Prison
        254 McClellandtown Road
        Uniontown, PA 15401